UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

YAN FANG JIANG and
REEDIGROUP, LTD.,

Plaintiffs,

v.

HANNON GROUP, LTD., and
TODD J. HANNON,

Defendants.

Case No. 14-CV-309-JPS

ORDER

Before the Court are the plaintiffs' second motion for entry of default and default judgment (Docket #66), and the defendants' second motion to strike default or, in the alternative, to vacate default (Docket #69). The Court will grant in part and deny in part the former (the plaintiffs' motion) and deny the latter (the defendants' motion), for the reasons outlined below.

1. BACKGROUND[1]

On February 10, 2015, the Court vacated entry of default against the defendants, despite characterizing their conduct as "neglectful" (Docket #56 at 5 n.2), and finding "no good cause" for their default, *id.* at 5. In lieu of "bringing out the heavy artillery too soon," *Sun v. Bd. of Trs. of Univ. Of Ill.*, 473 F.3d 799, 811 (7th Cir. 2011), *i.e.*, letting default stand, the Court imposed sanctions against the defendants. (Docket #56 at 9). Specifically, the Court ordered Hannon Group and Todd Hannon to share in paying various fees and costs associated with service of process and a raft of motions leading up to entry of default. *Id.* The Court imposed sanctions because the

[1]The Court assumes the reader's familiarity with the tortured history of this case, and thus will only summarize the recent procedural posture.

defendants repeatedly failed to timely file documents before this Court "caus[ing] unnecessary delay," and evidencing "negligent disregard [for this] litigation," *id.* at 6.

On March 5, 2015, the Court held a Rule 16 Scheduling Conference. (*See* Docket #62).[2] At that conference, the Court ordered the parties to resolve the sanction amount amongst themselves; but, if they were unable to do so, the defendants could file objections to the sanction amount by April 1, 2015. *Id.* The defendants filed no objections to the sanction amount proposed by the plaintiffs via affidavit. (*See* Docket #58). And, despite the Court's instructions (at both the Rule 16 conference and in the Court's order vacating default) to resolve this issue, the defendants did not communicate with the plaintiffs regarding the amount owing, nor have the defendants paid any sanction at all. (Docket #67) ("Counsel for the plaintiffs never heard from counsel for the defendants again [about the sanctions], and the defendants filed nothing."); (Docket #70 at 10 n.3) ("The Court imposed a lesser monetary sanction the last time it relieved the defendants of their default, and the defendants ignored it.").[3]

After the Rule 16 conference, the plaintiffs filed an amended complaint on March 30, 2015. (Docket #65). Pursuant to Federal Rule of Civil Procedure 15(a)(3), the defendants' amended answer was due on April 13,

---

[2]The Rule 16 Scheduling Conference was not without its own issues; despite being ordered to file a joint Rule 26 plan (*see* Docket #57), the plaintiffs filed a Rule 26 plan individually due to difficulties communicating with the defendants. (*See* Docket #59, #60). The defendants ultimately filed a letter, a day after the joint Rule 26 plan was due, stating their agreement with the plaintiffs' filing. (Docket #61).

[3]The defendants ignore this assertion by the plaintiffs in their various filings concerning the latest motions before the Court, which strongly implies that the plaintiffs' version of events is true.

2015. After the defendants missed that deadline, the plaintiffs moved (for the second time), for entry of default and default judgment on April 28, 2015. (Docket #66).

On May 11, 2015, the defendants filed a motion entitled: "Defendants' motion to strike, or in the alternative to vacate any and all defaults with leave to file instanter answer to amended complaint." (Docket #69). The defendants' argument, in the main, was that the plaintiffs' amended complaint "was filed outside of the parameters of Rule 15," *id.* at 5; to wit, the plaintiffs failed to obtain the defendants' written consent or the Court's leave to file the amended complaint. *See* Fed. R. Civ. P. 15(a)(2). While acknowledging that Stephen Boulton ("Attorney Boulton"), an attorney who has worked on this matter for the defendants, appeared to provide written consent to the plaintiffs to file an amended complaint, the defendants argue that "Mr. Boulton was not an attorney of record" and thus "could have been no better than an agent of [Michael] Bishop," the actual attorney of record for the defendants. (Docket #69 at 6). And because Attorney Boulton did not have actual (or apparent) authority to provide written consent to file an amended answer, the defendants' argument continues, the plaintiffs should not have acted on Attorney Boulton's statement.

According to the defendants, then, the plaintiffs' unauthorized amended complaint is a "nullity" and no entry of default would be proper because the defendants were not late in filing an amended answer. (Docket #69 at 5). In the alternative, the defendants request leave to file an amended answer instanter, and also request lesser sanctions than default judgment. (Docket #69 at 5).

The plaintiffs filed a reply in support of their motion for entry of default and default judgment on May 28, 2015. (Docket #70). In sum, the plaintiffs offer significant evidence that Attorney Boulton was representing the defendants and thus could provide written consent to amend the complaint. (Docket #70 at 3-4). The plaintiffs state that "[t]he level of gamesmanship—if not outright deceit—displayed by the defendants" in their motion is "shocking." *Id.* at 1. The plaintiffs also point out that even if Attorney Boulton was not authorized to provide consent, the defendants have offered no explanation why Attorney Bishop did not see that an amended complaint was filed while he was on vacation, and responded only after the plaintiffs filed their motion for entry of default and default judgment. *Id.* at 8-9. ("Even if [Attorney Bishop] did not get the amended complaint while he was in Mexico, he has offered no explanation as to why he could not respond in the 12 days after he returned from vacation.").

The defendants thereafter filed a reply in support of their motion to strike and vacate default on June 12, 2015. (Docket #72). The defendants' reply rehashes many of the arguments made in their initial motion, and attempts to offer additional excuses for what has transpired. For example, the defendants state that Attorney Bishop did not see that an amended complaint was filed, despite being the attorney of record (and receiving notification via ECF) because "Mr. Bishop inadvertently deleted the email in some fashion while deleting hundreds of emails after his return from vacation." (Docket #72 at 6). The defendants' reply concludes by stating that if the Court "deems the [defendants'] arguments inadequate, then th[e] Court may adopt, as it did with the prior default, that Plaintiff[s] be compensated for reasonable costs in the bringing of the motion…." *Id.* at 7.

2. DISCUSSION

The Federal Rules of Civil Procedure, and, to be sure, the law in general, seek to bring order to the chaos of legal disputes. When litigants fail to abide by those rules and ignore orders of the Court, they inject additional disorder into the legal process which, in turn, makes the court's quest to bring order to the chaos a fool's errand.

The defendants' conduct, here, has caused this matter to devolve into chaos. The defendants have repeatedly missed deadlines, disobeyed the Court's orders, and generally failed to fulfill their obligations to the Court and to the opposing party, instead offering a litany of excuses for those errors. The Court refuses to permit the chaos to continue, despite the defendants' desire—as evidenced by their newest filings—to stay the course. The plaintiffs are entitled to entry of default for the defendants' clear pattern of contumacy; and the Court makes clear now: default will not be vacated.

Default judgment is "a harsh sanction that ought to be used sparingly," *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1994), but, the Seventh Circuit has become more tolerant of its use "'to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not,'" *id.* (quoting *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1230 (7th Cir. 1983)). *See also Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir. 1995) ("While this circuit no longer disfavors default judgments, and does not require the trial court to first impose less drastic sanctions, a default judgment should not be considered a ready response to all litigant misbehavior.").

Default judgment is especially appropriate where "less drastic sanctions have proven unavailing" and the record establishes that "a party

[has] willfully disregard[ed] pending litigation." *Sun*, 473 F.3d at 811 (citing *C.K.S. Eng'rs. Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1204 (7th Cir. 1984)). As Judge Hamilton has stated:

> A party to a civil case who willfully disobeys court orders of any kind, such as those enforcing discovery obligations, can expect dismissal or a default judgment as a sanction, no matter the strength of her claims or defenses. In these situations, courts recognize that if they tolerate willful disobedience of their orders, and if they leave their doors and processes open to those who would flout their authority, their order will not be obeyed. Their duties to other parties and their own institutional obligations require such strong sanctions, given sufficient provocation.

*Crowe ex. rel. Crowe v. Zeigler Coal Co.*, 646 F.3d 435, 448 (7th Cir. 2011) (Hamilton J., concurring); *see C.K.S.*, 726 F.2d at 1205 ("Where it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court, this circuit has repeatedly upheld the trial court's denial of a rule 60(b) motion.").

The Court has already described the defendants' failings many times before. (*See* Docket #40 at 2) ("Defendants' failure to follow the local rules of this district and the Federal Rules of Civil Procedure do not stop with the July 14, 2014 motion, however. By this Court's estimation, *almost none* of the Defendants' filings have been timely.") (emphasis in original); *id.* (describing the defendants' "narrative" for missing deadlines as "'merely an attempt to cast blame'" on the opposing party) (quoting *Anderson v. Quad/Graphics Inc. Grp. Disability Income Ins. Plan*, No. 09-CV-425, 2010 WL 2541012, at *5 (E.D. Wis. June 21, 2010); (Docket #56 at 2-3) (calling into question the veracity of the defendants' arguments); *id.* at 9 (ordering sanctions for, *inter alia*, the various motions to strike the defendants' conduct precipitated).

After failing to file a timely answer to the plaintiffs' amended complaint, which led to the plaintiffs moving a second time for entry of default (and default judgment), the defendants have offered a new yarn to explain away their most recent failings; and this one is a real whopper, to be sure. As the story goes, Attorney Boulton was not really the attorney for the defendants, despite filing an affidavit stating "I am counsel for Defendants…" (Docket #34, Ex.1 at 1), and participating in this litigation in innumerable ways that show he is counsel for the defendants, as the plaintiffs point out in detail in their brief (*see* Docket #70 at 3-4). And, *actual* counsel for the defendants—Attorney Bishop—failed to file an amended answer or otherwise respond (if the foregoing is not to be believed), because he either accidentally deleted the email from ECF (Docket #72 at 6), or simply was not aware of it because he missed it while "scroll[ing] through multiple pages of emails most of which [were] ads or useless." (Docket #72, Ex. 1 at 1). This ignores, of course, an attorney's obligation to stay apprised of his cases, one of the ways being to *at least* occasionally check the docket. No matter, because the defendants' excuses are, at best, evidence of gross negligence and at worst, blatant fabrications. Neither of which bodes well for the defendants, given the history of this case.

The plaintiffs argue, in light of the foregoing, that "[a]t some point, enough instances of neglect of deadlines and Court orders *is* evidence of willfulness." (Docket #70 at 8). The Court agrees. Even setting that aside, the defendants willfully disobeyed the Court's order to meet and confer with the plaintiffs regarding the proper amount of sanctions owing to the plaintiffs for the defendants' previous transgressions; sanctions that, to this day, remain unpaid.

Given that the prior sanction did not stop the defendants' contumacious conduct, and in light of the fact that this is the second time the Court has been confronted with a motion for default judgment, the Court is obliged to enter default for what may be best described as the defendants' willful disregard for this litigation. *See C.K.S.*, 726 F.2d at 1206. Parties are expected to comply with the Civil Local Rules, the Federal Rules of Civil Procedure, and the Court's orders, and litigate with proper consideration for the obligations of the Court and the opposing party. The defendants have failed to comply with all of those dictates, which requires action by the Court. *See id.* ("Although a default judgment is a harsh sanction and the law does favor a trial on the merits, these considerations must be balanced against the need to promote efficient litigation and protect the interests of all litigants."); *In re Garcia*, 313 B.R. 307, 311 n.10 (9th Cir. BAP) ("'In another aspect, default judgments provide the sanction that compels defendants to play the game and abide by the rules.'") (quoting 18A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 4442.). Indeed, it is now more than a year after this matter began, and this case has gone just shy of nowhere due to the defendants' conduct. The Court will not force the plaintiffs to expend further financial resources litigating ancillary issues caused by the defendants' inexplicable conduct.

As such, the plaintiffs are entitled to entry of default; default, the Court adds, that it *will not vacate* because the Court has found the defendants' conduct to be willful. *See Johnson*, 35 F.3d at 1117 ("Absolution exists only for 'excusable neglect'; more culpable conduct by the attorney has mortal consequences for the client's case."). The issue of liability is resolved, conclusively, in the plaintiffs' favor. Before default judgment will be granted,

however, the plaintiffs will still be required to "establish [their] entitlement to the relief [they] seek," *see In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004), *i.e.*, the amount of damages, but that is the only remaining issue the Court need resolve in this matter.

3. CONCLUSION

For all the foregoing reasons, the Court will grant the plaintiffs' motion for entry of default and default judgment in part (directing that default be entered against the defendants) and deny the motion in part (denying the motion to the extent that it requests default judgment without proof of damages). The defendants' motion "to strike, or in the alternative to vacate any and all defaults with leave to file instanter answer to amended complaint" will be denied.

Consistent with this order, the parties are directed to brief the issue of damages as follows: the plaintiffs are to file an opening brief within thirty (30) days of the entry of this order, the defendants' response is due twenty-one (21) days after the plaintiffs' opening brief is filed, and the plaintiffs' reply is due fourteen (14) days after the defendants' response is filed.

Accordingly,

IT IS ORDERED that the plaintiffs' second motion for entry of default and default judgment (Docket #66) be and the same is GRANTED in part and DENIED in part, as outlined above. The Clerk of Court is directed to enter default against the defendants.

IT IS FURTHER ORDERED that the defendants' second motion to strike default or, in the alternative, to vacate default (Docket #69) be and the same is hereby DENIED.

IT IS FURTHER ORDERED that, consistent with this order, the parties are directed to brief the issue of damages as follows: the plaintiffs are to file an opening brief within thirty (30) days of the entry of this order, the defendants' response is due twenty-one (21) days after the plaintiffs' opening brief is filed, and the plaintiffs' reply is due fourteen (14) days after the defendants' response is filed.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge